IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFERY ROBERT CHANCE | * | |
| | * | |
| v. | * | Civil Case No. RDB-13-2463 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' motions. ECF Nos. 12, 14.  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011).  For the reasons set forth below, I recommend that both motions be denied, and the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Mr. Chance applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 2, 2010 and April 14, 2010, respectively, alleging a disability onset date of April 2, 2010.  (Tr. 80, 91).  His claims were denied initially and on reconsideration.  (Tr. 76–79).  An Administrative Law Judge ("ALJ") held a hearing on March 7, 2012, (Tr. 37–68), and subsequently denied benefits to Mr. Chance in a written opinion.  (Tr. 19–32).  The Appeals Council declined review, (Tr. 1–7), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Chance suffered from the severe impairments of generalized

anxiety disorder, panic disorder with agoraphobia, avulsion injury of the right lower extremity, obesity, and alcohol abuse. (Tr. 24). Despite these impairments, the ALJ determined that Mr. Chance retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can perform only occasional stooping, twisting, crouching, kneeling, crawling, balancing and climbing stairs and ramps; but is unable to climb ladders, ropes or scaffolds. The claimant can understand, remember and carry out simple instructions and can only perform simple routine tasks with occasional changes in work setting. He is also limited to no required direct interaction with the public and only occasional required interaction with supervisors and coworkers.

(Tr. 26). After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Chance was capable of performing jobs that exist in significant numbers in the national economy, and that he was not therefore disabled. (Tr. 31–32).

Mr. Chance raises three arguments on appeal. First, he argues that the ALJ improperly weighed the opinion evidence by assigning too little weight to the opinions of treating psychologists. Second, he argues that the mental limitations of the RFC assessment were not supported by substantial evidence. Third, he argues that the ALJ incorrectly evaluated his credibility. I am persuaded that the ALJ did not correctly evaluate Mr. Chance's credibility. Therefore, remand is warranted. I begin my discussion with Mr. Chance's unpersuasive arguments.

Mr. Chance first contends that the ALJ erred by rejecting the opinions of his treating psychologists — Dr. Ann Aspnes and William Canter, PhD.— in favor of opinions from non-examining state agency medical consultants. Pl.'s Mot. 12–16. He further argues that the ALJ failed to identify substantial evidence contradicting the opinions of his treating psychologists. *Id.* While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2), where a treating physician's opinion is not

supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. In addition, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. SSR 96-5p, 1996 WL 374193, at *5 (July 2, 1986). Under those legal standards, I find that the ALJ properly assigned weight to the opinions of both Dr. Aspnes and Dr. Canter.

I first note that the ALJ did not outright reject the opinions of Drs. Aspnes and Canter. Rather, the ALJ accorded them "little weight." (Tr. 30). With respect to the September, 2010 opinion of Dr. Aspnes, the ALJ reasoned that the treatment records, which showed improvement over the course of treatment, did not support limitations beyond what the ALJ already credited. (Tr. 30). However, the ALJ accepted Dr. Aspnes's findings that Mr. Chance had no limitations in remembering, understanding, or carrying out simple one or two step instructions. (Tr. 26, 311). The ALJ also credited Dr. Aspnes's findings that Mr. Chance was moderately limited in responding to changes in the work setting, and moderately to markedly limited in nearly all categories of social interactions. (Tr. 26, 312). While Mr. Chance notes that the ALJ accepted only certain portions of Dr. Aspnes's opinion, I do not agree that such selectivity is erroneous. Significantly, Dr. Aspnes's prognosis was that Mr. Chance could "recover fully with engagement in psychotherapy and psychopharmacology." (Tr. 308). She "expect[ed] significant recovery in 6-12 months." *Id.* Indeed, as the ALJ noted, Mr. Chance gradually improved during the course of mental health treatment. *See* (Tr. 28–29). Progress notes from the Baltimore Veterans' Affairs Medical Center support the ALJ's conclusion. *See* (Tr. 404, 420, 425, 450, 452, 460–61, 465, 470, 477, 479, 583, 588, 591, 594, 606, ). Dr. Aspnes's opinions that Mr. Chance is "incapable of even 'low stress' " and that his mental impairment would cause him to be absent from work "more than three times a month." *see* (Tr. 314–15), are undermined by the progress

3

notes which demonstrate improvement tempered by occasional setbacks.[1] Moreover, it is doubtful that Dr. Aspnes's opinion would have been accorded controlling weight as a treating physician because her opinion states that she did not have a treating relationship with Mr. Chance. (Tr. 308). The RFC assessment, which limits Mr. Chance to no direct interaction with the public and only occasional interaction with co-workers properly accounts for his difficulties interacting with others.

The very progress notes discussed above, which depict an improvement in Mr. Chance's mental impairments, provide substantial evidence for the ALJ's decision to accord Dr. Canter's opinion "little weight." (Tr. 30). As the ALJ noted, while Dr. Canter's opinion demonstrates disabling mental impairments, the progress notes are considerably less severe. *See* (Tr. 28–30). A July, 2010 Mental Status Evaluation also demonstrated that Mr. Chance was able to complete a 3-step command, calculate simple math, and recall several words. *See* (Tr. 286–88). Moreover, the ALJ correctly noted that, although Dr. Canter indicated that Mr. Chance began experiencing symptoms in 1997, (Tr. 556), Mr. Chance has held many jobs, and has even owned his own businesses through 2009. *See* (Tr. 44–45). It is not clear, contrary to Mr. Chance's suggestion, that Dr. Canter was referring to 1997 as the year of onset of symptoms rather than disabling psychiatric conditions. Pl.'s Mot. 15.

Mr. Chance seizes on excerpts from the medical evidence to support a determination of

---

[1] Mr. Chance also highlights the ALJ's faulty reasoning regarding Dr. Aspnes's finding that Mr. Chance was markedly limited in the ability to travel to unfamiliar places or use public transportation. (Tr. 313). The ALJ concluded that, "there is no basis for a limitation due to any difficulty using public transportation, as the claimant testified that he is able to drive." (Tr. 30). However, an ability to drive has no bearing on whether an individual is capable of using public transportation. It appears that the ALJ was attempting to state that, because Mr. Chance drives a vehicle, the RFC assessment did not need to reflect any limitation regarding the ability to use public transportation. In any event, the ALJ's error is harmless because the ALJ included only Dr. Aspnes's credible recommendations in the RFC assessment. While there is evidence suggesting that Mr. Chance has social anxiety and avoids large crowds, there is no evidence demonstrating an inability to travel to unfamiliar places. As the Commissioner noted, Mr. Chance drove to the hearing location. (Tr. 44).

disability, but there are an equal, if not greater, number of records demonstrating non-disabling symptoms. The function of this Court is not to review Mr. Chance's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see* 42 U.S.C. § 405(g). Because I find that the ALJ relied on substantial evidence in according both opinions little weight, remand on this argument is unnecessary.

Next, Mr. Chance argues that the mental limitations in the RFC assessment were not supported by substantial evidence. Pl.'s Mot. 17. He contends that the ALJ purportedly relied on opinions from a non-examining state agency psychologist, but that the psychologist's opinions do not correspond to the limitations in the RFC assessment. I agree with Mr. Chance that the opinion of the state agency psychologist, to which the ALJ cites, does not describe any "moderate" limitations in the areas of concentration or social functioning. *See* (Tr. 29, 326). However, it is evident from the ALJ's opinion that in crafting the mental limitations of the RFC assessment, the ALJ did not solely rely on the opinion of the state agency psychologist. As discussed above, the ALJ credited several of Dr. Aspnes's findings and limited the RFC assessment accordingly. *See* (Tr. 30). In addition, as part of the narrative accompanying the RFC assessment, the ALJ pointed to treatment notes, GAF scores in the 50-60 range, and mental status examinations as support. *See* (Tr. 27-30). I have discussed much of this evidence above, and find that it constitutes substantial evidence for the RFC assessment. Remand, therefore, is unnecessary.

Remand is warranted, however, so that the ALJ can properly evaluate Mr. Chance's

credibility. Mr. Chance successfully argues that the ALJ did not adequately explain why she found him not credible. Pl.'s Mot. 18–20. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ complied with part one of the test and concluded that, "[Mr. Chance's] medically determinable impairments could reasonably be expected to cause the alleged symptoms…" (Tr. 29). However, the ALJ failed at part two by failing to explain why, or how she concluded that Mr. Chance's "statements concerning the intensity, persistence and limiting effects of these symptoms" were not credible. *Id.* The Commissioner cites to points throughout the ALJ's opinion where the ALJ notes evidence that conflicts with Mr. Chance's symptoms. Def.'s Mot. 24–26. However, the ALJ never specifically evaluated Mr. Chance's credibility in any of those discussions. The ALJ must describe her analysis in sufficient detail for this Court to evaluate whether or not the ALJ's conclusions were supported by substantial evidence. *See Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 519 (D. Md. 2002) (finding it "clear that an ALJ has a duty to explain the basis for his decision"); *see also Walters v. Comm'r Soc. Sec.*, SAG-13-1777, 2014 WL 1225313, at *2 (D. Md. Mar. 24, 2014) (recommending remand where the ALJ provided "no express explanation or factual support for a credibility finding"); *Pusey v. Astrue*, SKG-09-3410, 2011 WL 666046, at *9 (D. Md. Feb. 14, 2011) (remanding for a credibility evaluation where, as here, at step two of the credibility evaluation, the ALJ provided no support for an adverse credibility determination). Here, the ALJ's abbreviated discussion of contradictory evidence, dispersed throughout the

opinion, does not provide substantial evidence for the credibility determination. I therefore recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Chance is not disabled is correct or incorrect.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 14);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 12); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated:  July 2, 2014                                  /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge